**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **YASKARN SINGH SINGH,** | **)** | |
| | **)** | |
| **Petitioner,** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. CIV-26-347-SLP** |
| | **)** | |
| **KRISTI NOEM, et al.,** | **)** | |
| | **)** | |
| **Respondents.** | **)** | |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Yaskarn Singh Singh, a noncitizen[1] and Indian national proceeding with

counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under

28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE").

United States District Judge Scott L. Palk referred this matter to the undersigned Magistrate

Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C).  Doc. 3.  The undersigned set an

expedited briefing schedule, Doc. 8, and the Petition is at issue.  For the reasons set forth

below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and

order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a)

within five business days or otherwise to release him if there is no hearing within that time.

**I.    <u>Background</u>**

Petitioner, a citizen of India, entered the United States on April 22, 2023, without

inspection or admission near San Luis, Arizona, and was taken into immigration custody

---

[1]  Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

on the same day.  Pet. at 5-6; Doc. 12-2 at 1.  On April 24, 2023, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear ("NTA") and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  Pet. at 2; Doc. 12-2 at 1 (April 2023 NTA).  On April 25, 2023, Petitioner was released on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226.  Pet. at 6. On September 13, 2023, Petitioner filed an application for asylum, which remains pending. *Id.*; Resp. at 14; Doc. 12-1 (Asylum Application).

On February 18, 2026, ICE re-detained Petitioner after taking custody of him from Oklahoma Highway Patrol.  Pet. at 5; Resp. at 14.  ICE re-detained him pursuant to 8 U.S.C. § 1225(b)(2)(A).  Pet. at 7; Resp. at 8.  Following his re-detention, ICE issued a custody determination to continue Petitioner's detention without the opportunity to post bond or be released on other conditions.  Pet. at 7.  Petitioner did not apply for a bond hearing with the Immigration Court because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds that those who entered the country without admission or parole are ineligible for a bond hearing.  Pet. at 7.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.  *Id*. at 3.  He remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Mar. 19, 2026).

**II.     Petitioner's Claims**

Petitioner asserts three counts in his Petition.

2

- **Count I: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his continued detention under § 1225(b)(2) is unlawful and violates the INA because that provision does not apply to all noncitizens in the United States who are inadmissible. Petitioner also alleges the statute does not allow the Department of Homeland Security ("DHS") to change his detention authority based on a new interpretation of the statute once removal proceedings have already been initiated. Pet. at 7-8.

- **Count II: Violation of Due Process**. Petitioner alleges his continued detention without an individualized bond redetermination hearing violates his right to due process. *Id*. at 8-9.

- **Count III: Violation of the Administrative Procedure Act ("APA")**. Petitioner alleges his detention exceeds Respondents' statutory authority and the absence of any individualized custody-review mechanism is contrary to due process, in violation of the APA. *Id.* at 9-11.

He asks the Court to "issue a Writ of Habeas Corpus requiring that Respondents release Petitioner under the terms of his prior release or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five days." Pet. at 11. Petitioner also requests additional injunctive and declaratory relief as well as an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[2] *Id*. at 11-12.

## III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through

---

[2] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this juncture.

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

IV.    **Analysis**

A.    **The Court has jurisdiction to consider the Petition.**

Respondents first argue this Court lacks jurisdiction to consider Petitioner's claims, based on 8 U.S.C. §§ 1252(g) and 1252(b)(9).  Resp. at 15-18.  However, this Court has ruled the INA does not jurisdictionally bar a habeas claim like Petitioner's because "such a claim does not arise from and is not directly connected to the commencement of removal proceedings, the adjudication of removability, or the execution of any removal order." *Gonzalez Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 WL 147435, at *3 (W.D. Okla. Jan. 20, 2026) (citation modified).  The undersigned agrees with this Court's previous finding that jurisdiction exists to consider Petitioner's habeas challenges to detention.

B.    **Section 1226(a) applies to Petitioner's detention.**

The two sections of the INA at issue are 8 U.S.C. §§ 1225 and 1226.  Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified).  Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a."  If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), he is not entitled to a bond hearing.  On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending

4

removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner argues he is being held in violation of the INA and § 1225(b)(2) does not apply to all noncitizens residing in the United States who are inadmissible. Pet. at 7. Petitioner contends § 1226(a) is "applicable when an individual is 'already in the country.'" *Id*. at 7-8 (citing *Jennings*, 583 U.S. at 289). Finally, Petitioner argues "the statutory text does not authorize DHS to oscillate between detention authorities based on later policy reinterpretation once removal proceedings are underway" and his "custody has already been determined under §1226." Pet. at 8. Respondents contend Petitioner is an "applicant for admission" and properly detained under § 1225(b)(2)(A). Resp. at 9. Further, Respondents claim (1) § 1225(b)(2)(A) is not limited to noncitizens "arriving" in the United States, and (2) every "applicant for admission" is necessarily "seeking admission." Resp. at 18-28.

The undersigned has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue. For the reasons stated below, and adopting this Court's reasoning in *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026), the undersigned recommends the Court grant the Petition in part to the extent Petitioner seeks a bond hearing under § 1226(a).

First, the INA limits the scope of the terms "applicant for admission" and, in particular, "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens living in the United States when detained. Section 1225(b)(2)(A) "only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States." *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025). If all "applicants for admission" are also "seeking admission," then § 1225(b)(2)(A)'s inclusion of the phrase "seeking admission" would be redundant and superfluous. *Lopez*, 2026 WL 165490, at *4. The undersigned best understands mandatory detention under § 1225(b)(2)(A) to apply to arriving noncitizens actively seeking admission at or near the border or port of entry—not those like Petitioner who have resided in the United States for years and were not arrested when trying to cross the border.

In addition, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended. Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained that "despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination." *Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (citation modified). Further, Congress' recent amendment to § 1226 mandating detention for certain criminal noncitizens renders Respondents' interpretation of § 1225(b)(2)(A) superfluous.

6

Finally, this Court, Chief Judge DeGiusti, Judge Jones, Judge Russell, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of noncitizens like Petitioner.[3]  *See Norboev v. Lyons*, No. CIV-26-107-SLP, 2026 WL 497800, at *2 (W.D. Okla. Feb. 23, 2026) (finding § 1226(a) governs a similarly situated petitioner's detention and "join[ing] the decision reached by the vast majority of district courts in this judicial district, in district courts within the Tenth Circuit and across the country to have addressed the same issues as those raised by Petitioner").  This Court has found the plain language, legislative history, and past immigration practices all support a finding that "Petitioner's detention is not governed by §1225(b)(2)."  *Lopez*, 2026 WL 165490, at *7.  The undersigned agrees with this Court's reasoning, the majority of Judges in this District, and the great weight of authority to conclude Petitioner falls within the confines of § 1226(a), and not § 1225(b)(2)(A).[4]  This conclusion is also in accord with the

---

[3] *See, e.g., Lopez*, 2026 WL 165490, at *7; *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Valdez*, 2025 WL 3709021, at *3; *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025); *Urbina Garcia v. Holt*, No. CIV-25-1225-J, 2025 WL 3516071, at *4 (W.D. Okla. Dec. 8, 2025). Two Judges in the District have applied § 1225(b)(2)(A).  *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026) (finding "§ 1225 unambiguously applies to" a similarly situated petitioner); *Alvarado Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025) (finding "§ 1225 unambiguously deems [p]etitioner an 'applicant for admission' who is 'seeking admission'").

[4] This conclusion is further supported by the fact Petitioner was detained and later released on his own recognizance under § 1226 in April 2023.  Pet. at 6; *see, e.g.*, *Bello Chacon v. Hermosillo*, No. 25-CV-02299, 2025 WL 3562666, at *2 (W.D. Wash. Dec. 12, 2025) (finding petitioner's prior release under § 1226 indicates he "was—and continues to be— subject to discretionary detention under § 1226").

Seventh Circuit, which rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). *But see Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026) (agreeing with Respondents' interpretation).

Accordingly, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. The Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release him if he does not have a lawful bond hearing within that period.

### C. The Court should decline to address Petitioner's due process and APA claims.

Petitioner also argues his continued detention without a bond hearing violates his right to due process and is in violation of the APA. Pet. at 8-11. If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of the due process and APA claims based on his continued detention. *See, e.g.*, *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *6 n.3 (W.D. Okla. Dec. 16, 2025) (declining to decide the merits of Petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).

### V. <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release

Petitioner if he has not received a lawful bond hearing within that period.   The undersigned further recommends the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed not later than **March 26, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **March 31, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 19th day of March, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

9