**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| YASKARN SINGH SINGH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | )   Case No. CIV-26-347-SLP |
| MARKWAYNE MULLIN[1] et al., | ) |
| | ) |
| Respondents. | ) |

### O R D E R

Petitioner Yaskarn Singh Singh, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Before the Court is the Report and Recommendation [Doc. No. 14] (R&R) of United States Magistrate Judge Chris M. Stephens. The Magistrate Judge recommends granting, in part, the Petition. Both Petitioner and Respondents have filed an Objection [Doc. Nos. 15, 16], and the matter is at issue. The Court reviews de novo any portion of the R&R to which the parties have made specific objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS IN PART the Petition.

---

[1] Markwayne Mullin was confirmed as Secretary of the Department of Homeland Security on March 23, 2026. He replaces Kristi Noem and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d).

### I.    Background

Petitioner, a citizen of India, entered the United States on April 22, 2023.  That same day, U.S. Border Patrol officials detained Petitioner.  *See* [Doc. No. 1] at 5–6; [Doc. No. 12-2] at 1.  Petitioner was eventually released from custody on an Order of Release on Recognizance on April 25, 2023.  On September 13, 2023, he filed an application for asylum, which remains pending.  [Doc. No. 12-1].

Petitioner was re-detained by ICE on February 18, 2026, pursuant to 8 U.S.C. § 1225(b)(2)(A).  Petitioner has been continuously detained at Cimarron Correctional Facility in Cushing, Oklahoma since his re-arrest pursuant to the mandatory detention provision set forth in 8 U.S.C. § 1225(b)(2)(A).[2]

On February 24, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act (INA), a violation of his due process rights under the Fifth Amendment to the United States Constitution, and a violation of the Administrative Procedures Act (APA).  Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates his due process rights.  As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

The Magistrate Judge issued a thorough and well-reasoned R&R and concluded that habeas relief should be granted, in part.  As an initial matter, the Magistrate Judge found that 8 U.S.C. § 1252(g) is not a jurisdictional bar to this Court's review of the claims

---

[2] *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited April 1, 2026).

asserted by Petitioner.[3]  The Magistrate Judge then recommended that the Court grant habeas relief and order Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that time period.  The Magistrate Judge further recommended that the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's Order.  Finally, the Magistrate Judge recommended that the Court decline to address Petitioner's due process claim and APA claim.

Petitioner objects to the R&R on two grounds.  First, he objects that the recommended remedy is "too narrow" and argues that the Court should either order release or, alternatively, "clarify that any § 1226(a) hearing must be prompt and meaningful." [Doc. No. 16] at 2.  Second, Petitioner objects to the conclusion to not reach his due process and APA claims.  [Doc. No. 16] at 2–3.  Neither objection is persuasive.  As another court in this Judicial District explained when addressing a similar objection, "a district court is not obligated to adopt the precise remedy requested in the Petition and may decline to decide the merits of remaining claims as it deems appropriate."  *Sanchez-Gilly v. Noem*, CIV-26-139-J, 2026 WL 674200, at *2 (W.D. Okla. Mar. 10, 2026) (citing 28 U.S.C. § 636(b)(1); *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okl.*, 8 F.3d 722, 724 (10th Cir. 1993)).  Further, Petitioner presents no legal authority that

---

[3] Respondents did not object to the R&R's conclusion that the Court has jurisdiction to review the Petition.  *See generally*, Obj. [Doc. Nos. 15, 16].

3

suggests that a district court must rule on every claim or must make specific instructions regarding the bond hearing.  Lastly, the Court notes the R&R recommended ordering a bond hearing to occur within five business days—a remedy that is certainly narrower and clearer than simply ordering a "prompt" bond hearing, as Petitioner suggests.  Because the Court grants habeas relief to Petitioner on the basis of his statutory claim and directs that Petitioner be provided a bond hearing in accordance with § 1226(a), the Court declines to address the due process claim and APA claims.

Respondents also object to the R&R.  Respondents argue that the Magistrate Judge erroneously found that 8 U.S.C. § 1226(a) governs Petitioner's detention rather than 8 U.S.C. § 1225(b)(2)(A).  The Court concurs with the Magistrate Judge's findings and, having thoroughly reviewed the Objection, rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A).  The Court further adopts the reasoning set forth in *Lopez v. CoreCivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026), where this Court has previously addressed, in a more detailed Order, these same issues.  In doing so, the Court joins the decision reached by the vast majority of district courts in this judicial district,[4] in district courts within the Tenth Circuit,[5] and across the country[6] to have addressed the same issues as those raised by

---

[4] *See, e.g., Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641 at *2 (W.D. Okla. Jan. 13, 2026) (collecting cases in this judicial district finding that § 1252(g) does not present a jurisdictional bar); *Lopez*, 2026 WL 165490 at *5 (collecting cases in this judicial district concluding that §1225(b)(2) does not govern the petitioner's detention).

[5] *See, e.g.*, *Aguilar Tanchez v. Noem*, No. 2:25-cv-1150, 2026 WL 125184 (D. Utah Jan. 16, 2026); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025).

[6] *See, e.g., Lopez*, 2026 WL 165490 at *7 (collecting cases concluding that §1226(a) is the governing statutory framework).

Petitioner.[7]  The Court's decision is also in accord with the Seventh Circuit, which rejected the statutory interpretation of §1225(b)(2) as urged by Respondents.  *See Castañon-Nova v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).   Accordingly, the Court concludes that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 14] is ADOPTED and the Petition [Doc. No. 1] is GRANTED IN PART as follows:

1.    Count I of the Petition is GRANTED and Respondents are ORDERED to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

2.    Counts II and III are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Respondents shall certify their compliance with this Order by filing a status report on or before April 10, 2026.  The status report shall detail whether Petitioner was provided a bond hearing or has been released, including the associated dates with either action.  If a bond hearing is provided, the status report shall advise as to the outcome of the hearing or shall attach a copy of the IJ's bond order.

---

[7] The Court is certainly aware of authority to the contrary, including two decisions entered in this judicial district.  *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344 at **3-5 (W.D. Okla. Jan. 6, 2026); *Montoya v. Holt*, No. CIV-235-1231-JD, 2025 WL 3733302 at **5-12 (W.D. Okla. Dec. 26, 2025).

A separate judgment shall be entered.

IT IS SO ORDERED this 1st day of April, 2026.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE